# EXHIBIT A

Date:  27 December 2016.

---

## LETTER OF ENGAGEMENT

---



## CHRISTODOULOS G. VASSILIADES & CO. LLC
*Advocates - Legal Consultants*

15 Agiou Pavlou Str, LEDRA HOUSE,

Agios Andreas,1105,

Nicosia, Cyprus

E-mail:cgv@vasslaw.net

Tel: +357 22 55 66 77

Fax: +357 22 55 66 88

http://www.vasslaw.com



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011748

LETTER OF ENGAGEMENT

This **agreement** is made on the 27th day of December 2016("this Agreement").

**Between:**

(1)     **Christodoulos G. Vassiliades & Co. LLC** ("CGV") whose principal place of business is at 15 Agiou Pavlou Street, Ledra House, 1105 Nicosia, Cyprus of the one part **and**

(2)     **Mr Vadim Belyaev** (the "Beneficiary") of ████████████████████ ████████████████ London, United Kingdom, whose details appear in Schedule Two hereto.

**1     Recitals**

1.1     The Beneficiary, as defined below is the beneficial owner of the number of shares in the share capital of the Companies as shown in Schedule One hereto.

1.2     CGV is a law firm providing a wide range of legal and professional services to local and international clients, in Cyprus and abroad, including (but not limited to) trustee services and other services of fiduciary nature.

**2     Definitions**

The following terms shall have the following meanings:

"CGV": Christodoulos G. Vassiliades & Co. LLC

(2)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

"Authorised Persons": The persons whose names, addresses, passport details, powers and signatures appear in Schedule Three hereto and who shall be so appointed by the Beneficiary for the purposes of providing instructions to CGV in connection with the services to be offered by CGV to the Companies and the Beneficiary

"Beneficiary": MR VADIM BELYAEV

"Commencement Date": the 27th day of December  2016

"Companies": The companies as shown in Schedule One hereto

"Law": Cyprus Companies Law

"Term": From the Commencement Date until the date this Agreement is terminated

3    Appointment

3.1    The Companies appoint CGV to act as its permanent legal adviser and to act as the Companies' legal office on various matters.

3.2    The Beneficiary also appoints CGV to provide on a continuous basis the services specified in Schedules Four and Five attached hereto from the Commencement Date until this Agreement is terminated in accordance with Clause 5.

3.3    The Beneficiary also nominates the Authorised Person to give instructions independently to CGV in relation to all Companies' activities in the following manner:
* In a written format, namely by fax or email.

4    Remuneration

(3)



CGV_ 0011750

4.1    Save where it is otherwise expressly stated herein, the remuneration for the services to be provided by CGV under this Agreement will be based upon the degree of responsibility, expertise and time involved.

4.2    Subject to clause 4.4. hereof, the remuneration for the provision of the services under this Agreement will become payable periodically or from time to time upon the issue of an invoice by CGV.  The remuneration does not include VAT (that may be chargeable on it) and out of pocket expenses such as disbursements incurred on behalf of the Companies and/or the Beneficiary. These shall be charged in addition.

4.3    Subject to clause 4.4. hereof,  invoices for the services which will be provided on a continuous basis under the terms of this Agreement will be issued periodically or from time to time.

4.4    Notwithstanding anything to the contrary herein contained, no services  shall be carried out, fees charged, or costs and expenses incurred in relation thereto (except for the services mentioned in the pricelist attached hereto as Appendix 1), unless a prior consent from the Beneficiary or their Authorised Persons is received in writing or via email (as applicable), except for urgent KYC/AML requests from the banks with which the Companies have bank accounts.

4.5. Overriding provisions: In case of contradictions between provisions of this Agreement, provisions of the clauses 4.1-4.4. (inclusive) hereof shall prevail. No terms & conditions of this Agreement may be changed unless agreed by the parties hereto in writing.

5    Termination

5.1    Any of the parties to this Agreement may terminate this Agreement at any time subject to giving at least 30 days prior written notice of such termination to the other parties.

(4)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011751

5.2    In the event of this Agreement being terminated, the Companies shall immediately pay to CGV any sums due under the terms of this Agreement as at the date of such termination.

## 6    No liability on part of CGV

CGV shall not be liable to the Company and/or the Beneficiary for the loss or damage to the Company's property unless such loss or damage was caused due to the gross negligence or willful misconduct of CGV in performing its obligations under this Agreement.

## 7    Indemnity

7.1    Both the Companies and the Beneficiary jointly and severally shall at all times indemnify and keep indemnified CGV (and any director, agent, officer or employee of CGV) from and against all liabilities (civil or criminal), costs, charges, losses and expenses suffered or incurred by them arising from or as a result of:

(a)    the performance of their obligations under this Agreement (including the exercise or the purported exercise of any powers, authorities or discretions vested in them pursuant to this Agreement or otherwise);

(b)    any matter or thing done or omitted or in any way relating to the provisions of this Agreement;

(c)    any breach by the Companies of their covenants or other obligations to CGV under this Agreement;

(d)    the enforcement of the provisions of this Agreement; or

(5)



CGV_ 0011752

(e)   any action, claim or proceeding relating to any of the above;

except to the extent that they result from the gross negligence or willful misconduct of CGV (or any such director, agent, officer or employee).

7.2    Notwithstanding anything to the contrary herein contained, the indemnity set out in sub-clause 7.1 above shall apply whenever in taking or failing to take any action, CGV has acted following the instructions, directions or consent of the Beneficiary and/ or of the Authorised Persons.

7.3 The Beneficiary hereby acknowledges and agrees that the provision of the services hereunder by CGV shall be subject to the restrictions and limitations prescribed by the laws of the Republic of Cyprus and/ or any other applicable laws and/ or public policy and/ or any applicable professional rules.

8      Guarantee

8.1    If the Companies in any respect fails to perform its obligations under this Agreement, the Beneficiary will indemnify CGV against all losses, damages, costs and expenses that may be incurred and/ or suffered by CGV by reason of any default on the part of the Company in performing and observing its obligations under this Agreement.

8.2    The Beneficiary shall not be discharged or released from this Guarantee by any arrangement made between the Companies and CGV without the assent of CGV or by an alteration in the obligations undertaken by the Company or by any forbearance whether as to payment, time, performance or otherwise.

9      **Procedure for obtaining the wishes and or directions and or consents of the Beneficiary or the Authorised Persons**

(6)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011753

9.1    Where under the provisions of this Agreement, CGV (and for the purposes of this clause the term "CGV" includes any director, officer or employee of CGV) is required to provide directorship services, as described under Schedule Four of this Engagement, then exercise of such power, decisions, acts or otherwise would be undertaken in accordance with the Memorandum and Articles of Association of the Company.

9.2    CGV has the right and it shall refuse to take any action if it considers that any decisions by the Board of Directors of the Companies and/ or the members of the Companies and/ or any wishes and or directions which may be given to CGV by the Beneficiary and/ or by the Authorised Persons, would breach any laws of Cyprus (or any other jurisdiction) and/ or public policy and/ or any applicable professional rules in Cyprus or abroad.

9.3    If at any time during the Term it becomes impossible or impractical for CGV to provide the services it is engaged to provide to the Companies and to the Beneficiary under this engagement letter due to a breakdown in communication for any reason with any of the Beneficiary and/ or any of the Authorised Persons,  or if CGV wishes to be relieved of its duties and has notified the above person(s) accordingly but has received no response from them, then at the expiration of a period of one month from the date of such notification CGV shall have the right (in addition to any other rights it may have under this Agreement, the Law or otherwise) to retire as trustee/ nominee shareholder of the Beneficiary (and transfer the Shares in the name of the Beneficiary) and as secretary/director(s) of the Companies and inform the Competent Authorities in Cyprus of such retirements and transfer (whichever may apply).

## 10    Confidentiality

### 10.1    Restriction on disclosure of confidential information

None of the parties hereto will disclose to any third party, without the other party's prior written consent, any information concerning their respective affairs which is received

(7)



from the other for the purpose of providing or receiving the Services ("Confidential Information"). This restriction will not apply to any information which:

(a)    is or becomes generally available to the public other than as a result of a breach of the parties' respective obligations not to disclose; or

(b)    is acquired from a third party who owes no obligation of confidence to any of the parties hereto, as appropriate, in respect of the information.

## 10.2    Entitlement to disclosure

Notwithstanding the provisions of sub-clause 10.1 above, any of the parties hereto will be entitled to disclose confidential information of the other to:

(a)    their respective insurers or legal advisors; or

(b)    a third party to the extent that this is required by law, by any court of competent jurisdiction or by a governmental or regulatory authority or where there is a legal duty or requirement to disclose, provided that (and without breaching any legal or regulatory requirement) and where reasonably practical, not less than two business days' notice in writing is first given to the other party.

## 10.3    Continuation of contractual obligations

The terms of sub-clauses 10.1 and 10.2 will continue to bind the parties hereto beyond the termination or expiry of this Agreement.

## 11    Miscellaneous

## 11.1 Severance

(8)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011755

The invalidity of one or more of the provisions of this Agreement shall not invalidate or otherwise affect any of the other provisions of this Agreement which shall remain in full force and effect.

## 11.2  Whole agreement

Each of the parties hereto acknowledges that this Agreement contains the whole agreement between the parties.

## 11.3  Change of address

Each of the parties hereto shall give notice to the others of the change or acquisition of any address or e-mail address or telephone, facsimile or similar number at the earliest possible opportunity but in any event within 48 hours of such change or acquisition.

## 11.4  Notices

(a)     Any notice to be served on any of the parties hereto shall be sent by prepaid recorded delivery to the address of the relevant party shown at the head of this Agreement or by electronic mail.

(b)     Notices sent to the Beneficiary shall not be deemed to have been received by Beneficiary, unless the Beneficiary and/or their Authorised Representatives, as the case may be, shall acknowledge receipt of the notice and notify CGV within 15 working days. In case there is no reply from the Beneficiary and/or their Authorised Representatives within 15 working days, the notice shall be deemed to have been received by the Beneficiary within the next 15 working days of posting or the next 10 working days if sent by electronic mail to the correct electronic mail address of the Beneficiary (with correct answerback).

(9)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011756

(c)    Notices sent to CGV and/or the Company shall not be deemed to have been received by CGV and/or the Company, unless CGV and/or the Company, as the case may be, shall acknowledge receipt of the notice and notify the Beneficiary accordingly within 15 working days. In case there is no reply from CGV and/or the Company and/or their representatives/officers within 15 working days, the notice shall be deemed to have been received by the CGV and/or the Company (as applicable) on the tenth working day after the 15-working day period has lapsed.

## 11.5 Headings

Headings contained in this Agreement are for reference purposes only and should not be incorporated into this Agreement and shall not be deemed to be any indication of the meaning of the clauses to which they relate.

## 11.6 Joint and several

All agreements on the part of any of the parties which comprise more than one person or entity shall be joint and several, and the neuter singular gender throughout this Agreement shall include all genders and the plural and the successor in title to the parties.

## 11.7 Parties' right to assign

(a)    This Agreement is personal to the parties hereto and all rights under it may not be assigned or transferred unless otherwise agreed by the parties in writing.

(b)    For avoidance of doubt, either party is entitled to assign and transfers its rights and obligations herein under to its legal successors without the other party's prior written consent. CGV retains the right not to accept an individual as a legal successor of the Beneficiary who does not meet the Due Diligence standards as set out by CGV at the time, in accordance with the AML laws applicable at the time.

(10)



(c)    The assigning party shall notify the other party about its intention to assign the Agreement. Save for the event that the notification may not be provided due to any reason beyond the reasonable control of either party to this Agreement as the result of force majeure circumstances or the death of any of the parties involved, the notification shall be provided within 15 working days.

## 11.8 Proper law and jurisdiction

(a)    This Agreement shall be governed by Cyprus law in every particular, including formation and interpretation and shall be deemed to have been made in Cyprus.

(b)    Any proceedings arising out of or in connection with this Agreement may be brought in any court of competent jurisdiction in Nicosia, Cyprus.

(c)    The submission by the parties to such jurisdiction shall not limit the right of CGV and/or the Beneficiary to commence any proceedings arising out of this Agreement in any other jurisdiction it may consider appropriate.

## 11.9 Rights cumulative

All rights granted to any of the parties hereto shall be cumulative, and no exercise by any of the parties hereto of any right under this Agreement shall restrict or prejudice the exercise of any other right granted by this Agreement or otherwise available to it.

## 11.10 Survival of terms

No term shall survive the termination of this Agreement, save those provisions as to guarantee, confidentiality and indemnity which shall continue to be in full force and effect for so long as it is necessary or unless expressly provided.

(11)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

## 11.11  Waiver

The failure by any of the parties hereto to enforce at any time or for any period any one or more of the terms or conditions of this Agreement shall not constitute a waiver of them or of the right at any time subsequently to enforce all terms and conditions of this Agreement.

## 11.12  Counter parts

This Agreement may be signed in two or more identical counter parts. Each one of these counter parts will be deemed to be the original, provided that when read together they will be deemed to be one and the same agreement.

In witness whereof, the parties hereto have caused this Agreement to be signed this 27th day of   December   2016.

The Parties                                    23/12/2016              Witnesses:

(Sgn) ...................................                         (Sgn) ...................................
Christodoulos G. Vassiliades & Co. LLC Ltd

(Sgn) ...................................                         (Sgn) ...................................
MR. VADIM BELYAEV                27/12/2016

{12}

Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

SCHEDULE ONE

The Companies

ALTAMONTE HOLDINGS LIMITED

SPENCER INVESTMENTS LIMITED



(13)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011760

## SCHEDULE TWO

### The Beneficiary

| Name and address | Registration Number/ Passport details | Number of shares |
|---|---|---|
| MR VADIM BELYAEV of ███████████████ ██████████London, United Kingdom | Cypriot Passport No. ████ | 500 SHARES IN SPENCER INVESTMENTS LIMITED AND 2 SHARES IN ALTAMONTE HOLDINGS LIMITED |



(14)



## SCHEDULE THREE

### The Authorised Persons

| Name, address and passport details | Email address | Limitations of authority | Specimen Signature |
|---|---|---|---|
| MR ARGYRIS NICOLAOU of ▇▇▇▇▇ LIMASSOL, CYPRUS | anicolaou@fovsb.com | Assets with a value more than 1 MILLION USD shall require the Beneficiary's signature |  |

(15)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

## SCHEDULE FOUR

Legal Services

### 1    Legal and professional Services

CGV agrees to provide the Company with legal and professional services pertaining to the Company's needs and provide legal opinions as the case may be from time to time.

The services will be provided by CGV in its capacity as the Company's permanent legal adviser and legal office on various matters.

### 2    Remuneration

Subject to clauses 4.1-4.5 (inclusive) of this Agreement, CGV's remuneration for any additional legal and professional services to be provided from time to time as requested by the Company will be agreed in advance between CGV, the Company and the Beneficiary (or their Authorised Representatives) and will be based on the degree of responsibility, expertise and time necessarily involved in the provision of the services.



(16)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

## SCHEDULE FIVE

### 1    Services to be provided on a continuous basis

1.1    CGV agrees to provide and make available and/or continue to provide and make available during the Term, a certain number of its directors, officers or employees to the intent that they shall act as nominee directors and/ or secretary and/ nominee shareholder(s) of the Company in accordance with the provisions of the Law, the Company's Articles and this Agreement.

1.2    The Director services to be provided by CGV will also include assistance on other matters pertaining to the execution of the duties of the Company's Directors, including but not limited to:

 i.  Signing of legal documents
 ii.  Opening of bank accounts
 iii.  Provision of Bank signatories
 iv.  Preparation of Board Resolutions
 v.  Signing of Board Resolutions
 vi.  Certification and or legalization of documents
 vii.  Apostiling of documents

etc as stipulated in the attached as Appendix 1 Fee Schedule.

### 2    Remuneration

2.1    Subject to clauses 4.1-4.5 (inclusive) of this Agreement, during the continuance of the Term the Company will pay to CGV the following consideration:

 i. An annual amount as remuneration for providing such director/secretary/nominee shareholder services as stipulated in the attached as

(17)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011764

Appendix 1 Fee Schedule. Where for the discharge of their duties the directors are required to spend excessive time outside their office and in particular when requested to travel abroad, CGV will also charge the time cost of their directors at the prevailing hourly rates of the firm, plus all out of pocket expenses.

ii. For any of the services that will be provided by CGV on a continuous basis from the exercise of its duties emanating from its capacity as Directors of the Company referred to in clause 1.2 of this Schedule the amounts to be charged are those mentioned in the attached as Appendix 1 Fee Schedule.

## 3    Directors' and Members' decisions

Notwithstanding anything to the contrary contained in the Company's Articles, the CGV Directors and the Nominee Shareholders, shall at all times exercise their duties as directors and shareholders of the Company (whichever applies) pursuant to relevant wishes and or directions and or consents received from any of the Beneficiary and/ or the Authorised Persons in writing.

## 4    Indemnity

Without prejudice and in addition to any other obligation of the Beneficiary (under this Agreement, the Law or otherwise) at all times to indemnify and keep indemnified CGV, the Beneficiary shall at all times indemnify and keep indemnified CGV (and any director, officer or employee who may be appointed as a director of the Company), from and against all liabilities (civil or criminal), costs, charges, losses and expenses suffered or incurred by them arising from or as a result of the exercise or the purported exercise of any powers, authorities or discretions vested in the directors pursuant to the Law and the Company's Articles except to the extent that they result from the gross negligence or willful misconduct of CGV (or of any such director, officer or employee).

(18)



CGV_ 0011765

5    Status of CGV

Nothing herein contained shall be construed or have effect as constituting any relationship of principal and agent between the Beneficiary on one hand and CGV (and any director, officer or employee who may be appointed as a director of the Company) or any of them OR any relationship of employer and employee between the Company and CGV (and any such director, officer or employee) or any of them.



(19)



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011766

APPENDIX 1 – PRICELIST



# CHRISTODOULOS G. VASSILIADES & CO. LLC
## *Advocates – Legal Consultants*

## PRICE LIST

### CYPRUS COMPANIES

| | | Euro |
|---|---|---|
| 1 | Establishment and Registration of the company and annual maintenance fee for the first year, which includes where applicable, the provision of the following: | 3000 |

| Nominee Director | Nominee Secretary |
|---|---|
| Nominee Shareholders | Registered Office |
| Filling Annual Return | |

| | | |
|---|---|---|
| 2 | Annual maintenance fee for each subsequent year including where applicable the provision of all the above. | 1800 |
| 3 | Annual Compliance service fee | 200 |
| 4 | Annual levy handling fee | 35 |
| 5 | Liquidation | 2500 |
| 6 | Strike Off | 1500 |

### BELIZE, SEYCHELLES AND BVI COMPANIES

| | | |
|---|---|---|
| 1 | Establishment and Registration of the company and annual maintenance fee for the first year, which includes where applicable the provision of the following: | 2500 |

| Nominee Director | Nominee Secretary |
|---|---|
| Nominee Shareholders | Registered Office |
| License Fee | |

| | | |
|---|---|---|
| 2 | Annual maintenance fee for each subsequent year including where applicable the provision of all the above | 1800 |
| 3 | Annual Compliance Service fee | 200 |
| 4 | Tax Exemption Certificate | 600 |
| 5 | Company Liquidation | 1000 |

### GENERAL

| | | |
|---|---|---|
| 1 | Apostilled Power of Attorney | 200 |
| 2 | Any Apostilled document | 200 |
| 3 | Apostilled full set of company's Certificates and Memorandum and Articles of Association | 200 |
| 4 | Opening of a Bank account | 500 |
| 5 | Drafting and signing of any Board Resolution and/or Shareholder's Resolution | 100 |
| 6 | Tax Residency Certificate for Cypriot Companies | 200 |
| 7 | Courier fees | 50 |
| 8 | Management of Bank Accounts per year | 1500 |
| 9 | Signing of documents ( per document ) | 50 |

### FOUNDATIONS

| | | |
|---|---|---|
| 1 | Creation of Panama Foundation | 3500 |
| 2 | Annual Fees for maintaining the foundation | 2000 |
| 3 | Annual Compliance Service fee | 200 |



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011767

**TRUST**                                                                     Euro

1    Creation of Trust in Cyprus and Belize                                   2500
2    Annual Trustee fees                                                      2000
3    Annual Compliance Service fee                                            200

*    Please note that any actual expenses will be additional to the quotations given.
*    VAT 19 % will be added where applicable.
*    Fees for Registrar of Companies related procedures are outlined below per jurisdiction





Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

## ADMINISTRATION COSTS

### CYPRUS COMPANY

| | Euro |
|---|---|
| Change of Director | 200 |
| Change of Secretary | 200 |
| Change of Registered Office | 200 |
| Increase of Share Capital | 350 |
| Reduction of Share Capital | 1000 |
| Amendment of Memorandum | 1000 |
| Amendment of Articles of Association | 600 |
| Transfer of Shares | 350 |
| Change of Company Name | 350 |
| Obtaining any Company Certificate | 50 |
| Obtaining a Certificate of Non-Winding Up | 50 |
| Obtaining a Memorandum and Articles of Association | 50 |

| OTHER CORPORATE ENTITIES | Euro |
|---|---|
| Establishment of Branch * | 2000 |
| Partnership | 2000 |

* Actual expenses for the translation of the Incorporation
documents or the foreign company are charged separately

### BVI COMPANY

| | Euro |
|---|---|
| Change of Director | 200 |
| Filing of the Register of Directors | 170 |
| Change of Secretary | 200 |
| Change of Registered Office | 300 |
| Increase of Share Capital | 650 |
| Reduction of Share Capital | 650 |
| Amendment of Memorandum | 600 |
| Amendment of Articles of Association | 600 |
| Certificate of Incumbency | 300 |
| Transfer of Shares | 350 |
| Change of Company Name | 350 |
| Certificate of Good Standing | 300 |

* Please note that any actual expenses will be additional to the quotations given.

* VAT 19 % will be added where applicable.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0011769

## BELIZE COMPANY

|                                        | Euro |
|----------------------------------------|------|
| Change of Director                     | 200  |
| Change of Secretary                    | 200  |
| Change of Registered Office            | 300  |
| Increase of Share Capital              | 650  |
| Reduction of Share Capital             | 650  |
| Amendment of Memorandum                | 600  |
| Amendment of Articles of Association   | 600  |
| Certificate of Incumbency              | 300  |
| Transfer of Shares                     | 350  |
| Change of Company Name                 | 350  |
| Certificate of Good Standing           | 300  |

## SEYCHELLES COMPANY

|                                        | Euro |
|----------------------------------------|------|
| Change of Director                     | 200  |
| Change of Secretary                    | 200  |
| Change of Registered Office            | 300  |
| Increase of Share Capital              | 650  |
| Reduction of Share Capital             | 650  |
| Amendment of Memorandum                | 600  |
| Amendment of Articles of Association   | 600  |
| Certificate of Incumbency              | 300  |
| Transfer of Shares                     | 350  |
| Change of Company Name                 | 350  |
| Certificate of Good Standing           | 300  |

* Please note that any actual expenses will be additional to the quotations given.

* VAT 19 % will be added where applicable.

LEDRA HOUSE, 15 Agiou Pavlou Str.     TEL. +357 22 55 66 77
Agios Andreas 1105, Nicosia, Cyprus   FAX. +357 22 55 86 88      www.vasslaw.com      
P.O.BOX. 26444,1704 Nicosia, Cyprus   E-MAIL. cgv@vasslaw.net

