# EXHIBIT G

## REGULATIONS

## OF LEXUS FOUNDATION

Registered under Microjacket fip 9398, Document 548093, of the Public Registry of the Republic of Panama.

The Foundation Council, based on the Articles of Incorporation of the Foundation, hereby issues the following regulations for the foundation:

### ARTICLE 1:

During his lifetime, enjoyment of the foundation's net worth and the proceeds therefrom correspond only to:

Mr. Andrey Leonidovich Kostin
born on 21.09.1956
native of Russian Federation
resident in Moscow, Russian Federation
(Hereinafter referred to as the "primary Beneficiary")

### ARTICLE 2:

Following the demise of the primary Beneficiary,

enjoyment of the foundation's net worth and proceeds therefrom shall correspond in equal parts to:

a) his wife Natalia Vladimirovna Gordeeva, holder of passport ▬▬▬▬ issued on 16.01.2002 valid until 16.01.2007 by the Ministry of Foreign Affairs of Russian Federation.

b) his son Andrey Andreevich Kostin, holder of passport ▬▬▬▬ issued on 23.05.01 valid until 23.05.2006 issued by the Ministry of Foreign Affairs of Russian Federation.

### ARTICLE 3:

In case of demise of the beneficiary referred to in paragragh a) of Article 2 before or during the enjoyment of the foundation's net worth and proceeds, the latter shall correspond in equal parts to the beneficiaries indicated in paragraph b) of Article 2.

### ARTICLE 4:

if any of the beneficiaries designated in paragraph b) of Article 2 dies before or during enjoyment of the foundation's net worth and proceeds, such enjoyment shall correspond to his descendants (which implies legitimate straight line descendants and legally adopted descendants in any degree), in equal parts, according to lineage.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0005585

US_0000446755
Vassiliades-0000005563

If there are no such descendants, they shall be accumulated proportionally and in equal parts to the net worth of the other beneficiaries designated in paragraph b of article 2, and in their absences to their respective descendants.

### ARTICLE 5:

1. The Foundation Council shall pay to or apply for the benefit of the primary beneficiary so much of the foundation's net worth and the proceeds therefrom of a then current year as the primary Beneficiary shall request to pay to him or so applied for his benefit.

2. Entitlement shall be gratuitous and granted without consideration. It shall not be accessible to any creditor by way of security or under enforcement or bankruptcy proceedings. With the exception of the entitlements of the primary beneficiary, the other entitlements may be neither assigned nor pledged. Should a beneficiary contravene this provision, he/she shall lose his/her entitlement.

### ARTICLE 6:

If, following careful investigations, no beneficiary is found in accordance with articles 1-4, the foundation's existing net worth shall be devoted to charitable institutions as follows:

- Red Cross

In case one of these institutions does not exist, the Foundation's Council shall determine other institutions with the same or similar objectives. These institutions are not entitled to any information as to the source of the donations.

### ARTICLE 7:

The Foundation Council can, upon written application, provide information to beneficiaries concerning the last yearly account and concerning the status and investment of the foundation assets. However, if the Foundation Council should form the opinion that this information could only be utilised with wrongful or unlawful intent or in a manner detrimental to the interests of the foundation or of the beneficiaries, whether these conditions prevail. No information whatsoever concerning these Regulations or Foundation Charter or concerning any factual or legal circumstances of the foundation must be given to outsiders, in particular to any foreign authority, financial authority or the like. Reference is also made in this connection to the national law for the protection of the individual. Exceptions may be made only when the foundation council deems that these are in the interest of the foundation or of the beneficiaries. In such a case the foundation council shall decide whether this prerequisite exists.

### ARTICLE 8:

Mr Eric Eugene Whyte, holder of Canadian passport no. ▇▇▇▇▇ issued on 7.07.2003 and valid until 7.07.2008 shall be appointed protector of the foundation with the power to prior written approval of the acts done by the Foundation Council pursuant to the Foundation charter and these regulations.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0005586

US_0000446756
Vassiliades-0000005563

**ARTICLE 9:**

These Regulations may only be rescinded or amended by the Foundation Counsil with the agreement of the primary beneficiary and are irrevocably binding on succeeding beneficiaries.

December 4th, 2003.

...........................................
For and on behalf of LEDRA CORPORATE DIRECTORS LTD
COUNCIL OF THE FOUNDATION

Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0005587

US_0000446757
Vassiliades-0000005563