UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                    -against-

   AUDREY KOSTIN *et al.*,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2025

1:24-cr-91-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

      A trial in this matter is scheduled to commence on Monday, June 16, 2025. Dkt. No. 61. On March 28, 2025 Mr. Wolfson and Mr. Bond filed motions *in limine*. Dkt. Nos. 139, 143. Mr. Wolfson requested, among other things, that the Court order the Government to produce its witness and exhibit list at least 30 days ahead of trial. Dkt. No. 139 at 14–15. He also requested an order requiring the Government to provide materials pursuant to Federal Rule of Evidence 404(b)(3) at least three weeks before trial. *Id.* Mr. Bond joined the motion. Mr. Bond also requested an order "directing the Government to identify which out-of-court statements it intends to introduce and the specific grounds for their admissibility." Dkt. No. 143 at 16–19. The Government responded to Mr. Wolfson's and Mr. Bond's motions *in limine* on April 11, 2025. Dkt. No. 160 ("Opp."). The Government proposed that the parties exchange their respective witness lists three weeks before trial, on May 26, 2025, and their exhibit lists two weeks before trial, on June 2, 2025. *Id.* at 21.

      On May 2, 2025, the Government also filed a letter requesting an order, pursuant to Federal Rule of Criminal Procedure 16(b), directing Mr. Wolfson and Mr. Bond to "each respectively (1) disclose to the Government reciprocal discovery, by Friday May 16, 2025, and on a rolling basis thereafter, and (2) identify for the Government any exhibits the defendant intends to introduce at

trial, whether through cross-examination or during the defense case, by Monday, June 2, 2025." Dkt. No. 175.  On May 5, 2025, the Court ordered that Mr. Bond and Mr. Wolfson file any response to the Government's May 2, 2025 letter by no later than May 9, 2025.  Dkt. No. 177.  The Court did not receive a response from either defendant.  The Court therefore understands that Mr. Wolfson and Mr. Bond do not oppose the Government's request.

### I. Rule 16 Reciprocal Discovery

Mr. Wolfson and Mr. Bond must comply with their obligations as set forth in Rule 16(b)(1)(A) and produce any materials that they intend to use in their case-in-chief at trial no later than May 26, 2025.  Rule 16(b) provides, in relevant part, that if a criminal defendant requests disclosure from the government under Rule 16(a)(1)(E) "and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph" certain documents and objects if "(i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).  "Rule 16 unambiguously requires Defendants to identify the exhibits they intend to introduce at trial through any witnesses they call after the closure of the government's case in chief." *United States v. Napout*, 2017 WL 6375729, at *6 (E.D.N.Y. Dec. 12, 2017).  Additionally, "Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant." *Id.*

Here, the Government proffers that it has been producing discovery to Mr. Wolfson and Mr. Bond since March 2024.  Dkt. No. 175 at 2.  In contrast, the Government informs the Court that, except for Mr. Wolfson's expert notice, it has not received any reciprocal discovery.  "[T]his Court adheres to the principal [sic] that '[t]he government's voluntary turnover of desired material to defendant must have been deemed to have been based upon the implied condition that the defense

2

would reciprocate, if necessary, at a later date[.]'" *United States v. Jasper*, 2003 WL 223212, at *6 (S.D.N.Y. Jan. 31, 2003) (citing *United States v. Estremera,* 531 F.2d 1103, 1113 (2d Cir. 1976)) (granting the government's request for an order requiring a defendant to produce reciprocal discovery pursuant to Rule 16). In any event, the Government noted that counsel for Mr. Wolfson and Mr. Bond have "each advised that they do not plan to use any materials in their respective cases-in-chief that have not already been produced by the Government." *Id.* Additionally, neither Mr. Wolfson nor Mr. Bond opposed the Government's May 2, 2025 letter requesting that they comply with Rule 16's reciprocal discovery obligations. The Court therefore grants the Government's request and orders Mr. Wolfson and Mr. Bond to comply with their obligations as set forth in Rule 16(b)(1)(A) and produce any materials that they intend to use in their case-in-chief at trial no later than May 26, 2025.

## II. Witness and Exhibit Lists

The parties must exchange their respective witness and exhibit lists by no later than May 26, 2025. With respect to Mr. Wolfson's and Mr. Bond's request for a witness list, generally, "a defendant is not entitled to the Government's witness list prior to trial." *United States v. Freeman*, 2019 WL 2590747, at *3 (S.D.N.Y. June 25, 2019). "However, a district court has the discretion to compel pretrial disclosure where a defendant makes 'a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case.'" *Id.* (citing *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975)). Similarly, with respect to pre-trial exhibit lists, Federal Rule of Criminal Procedure 16 requires the government to provide discovery of documents "the government intends to use . . . in its case in chief at trial.'" Fed. R. Crim. P. 16(a)(1)(E). Here, the Government volunteered to provide its witness and exhibit list pre-trial. Although Mr. Wolfson requests that the Government produce the witness list by May 16, 2025, the Government's later proposal of May 26, 2025 is reasonable. The Government

3

proffered that it has already produced the vast majority of the witness statements that will encompass the Section 3500 materials. Mr. Wolfson and Mr. Bond will have three weeks to prepare with the benefit of the witness list. This is sufficient. A May 26, 2025 deadline also gives the Government time to comply with this order.

Turning to the Government's request for a reciprocal witness and exhibit list, as the Government points out in its letter, numerous courts in this district have ordered the early disclosure of a defendant's exhibit list and witness list. *See, e.g.*, *United States v. Brennerman*, No. 17 Cr. 337 (RJS), Dkt. 24 (S.D.N.Y. Aug. 3, 2017) (defense exhibit and witness list due 18 days before trial). Here, neither Mr. Wolfson nor Mr. Bond opposed the Government's request. Additionally, ordering a reciprocal witness and exhibit list ahead of trial will aid in the efficient and orderly presentation of each party's case at trial. It will also allow the parties to raise any evidentiary issues with the Court in advance, and, therefore, reduce potential delay and disruption at trial. Given the benefits of early disclosure and the lack of opposition by Mr. Wolfson and Mr. Bond, it is appropriate to order the reciprocal disclosure of an exhibit and witness list. Consequently, the parties must exchange witness and exhibit lists by no later than May 26, 2025.

### III.     404(b) Materials

Finally, the Court need not rule on Mr. Wolfson's request for the Government to produce Rule 404(b) materials at least three weeks before trial because the Government has agreed to do so. Under Rule 404(b), if the prosecutor in a criminal case intends to use "[e]vidence of any other crime, wrong, or other act" against a defendant, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it[.]" Fed. R. Evid. 404(b)(3). The notice must articulate "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," and be provided "in writing before trial—or in any form during trial if the court, for good

4

cause, excuses lack of pretrial notice." *Id.* "Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied—even in cases in which a final determination as to the admissibility of the evidence must await trial." Notes of Advisory Committee on Rules (2020 Amend.). Here, the Government has agreed to produce Rule 404(b) materials three weeks before trial. Opp. at 21. Because the Government has volunteered to provide these materials to Mr. Wolfson and Mr. Bond in advance of trial, the Court need not rule on Mr. Wolfson's request. The Court does not take a position regarding whether 21 days constitutes reasonable notice.

### IV. Out-of-Court Statements

Mr. Bond's request for an order requiring the government to provide any out-of-court statements to determine the admissibility of the evidence is denied. Mr. Bond cites no authority for the Court to intervene and order "the Government to identify which out-of-court statements it intends to introduce and the specific grounds for their admissibility."

As the Court noted during the March 12, 2025 hearing, however, the Court expects that the Government will identify any statements that may be subject to privilege so that such issues can be litigated in advance of trial. Similarly, the Court notes that the admissibility of certain statements, such as statements made by alleged co-conspirators in furtherance of a conspiracy requires the establishment of predicate facts. While the Court is not granting Mr. Bond's application, the Court believes that voluntary identification of statements the admissibility of which may be contested would provide the parties the opportunity to obtain feedback from the Court regarding the statements' admissibility in advance of trial and would likely streamline the trial process.

### V. Conclusion

The parties must exchange their respective witness and exhibit lists no later than

May 26, 2025. Mr. Wolfson and Mr. Bond must comply with their obligations as set forth in Rule 16(b)(1)(A) and produce any materials that they intend to use in their case-in-chief at trial no later than May 26, 2025. The Court expects that the Government will produce the requisite materials pursuant to Rule 404(b) no later than May 26, 2025.

    SO ORDERED.

Dated: May 14, 2025
New York, New York

                                             GREGORY H. WOODS
                                           United States District Judge