

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York  10278*

May 22, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/2025

**BY ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

Re:  **United States v. Vadim Wolfson, a/k/a "Vadim Belyaev," and Gannon Bond,
S2 24 Cr. 91 (GHW)**

Dear Judge Woods:

The Government respectfully writes with regard to defendants' joint motion to suppress evidence responsive to a search warrant dated March 27, 2025 (the "2025 Warrant") and other related relief (the "2025 Warrant Motion"). (Dkt. 162). As described in the Government's prior letter submission (Dkt. 169), the 2025 Warrant authorized the search of data obtained from Wolfson's cellphone, Wolfson's iPad, and Bond's cellphone (collectively, the "Subject Data") for the time period between May 1, 2014, and February 22, 2024. Prior to obtaining the 2025 Warrant, the Government had obtained search warrants authorizing the search of the Subject Data for the time period from January 1, 2018, through March 31, 2022 (the "Initial Warrants").

On Wednesday, May 14, 2025, the Government participated in a meeting with counsel for defendants Vadim Wolfson and Gannon Bond to discuss various issues, including matters pertaining to the 2025 Warrant. Following that discussion with defense counsel and after further review by this Office of the particular circumstances presented here, the Government has determined that it will only seek to introduce evidence from the Subject Data that falls within the scope of the Initial Warrants, and will not rely at trial on evidence obtained pursuant to the 2025 Warrant.

At bottom, putting aside the legal arguments made by the parties on this issue, the Government's review of the Subject Data did not account for the time period restriction in the Initial Warrants, and for that reason, the Government has determined not to proceed with evidence obtained under the expanded 2025 Warrant. Accordingly, the Government respectfully submits

that the 2025 Warrant Motion should be denied as moot, but of course is available to address any matters or inquiries from the Court in light of the Court's consideration of that motion to date.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/_____
Emily Deininger
David R. Felton
Jane Kim
Assistant United States Attorney

cc: Defense Counsel (by ECF)

The Court thanks the Government for its letter. The Court also thanks Mr. Wolfson and Mr. Bond for their prompt response. Dkt. No. 191.

The Court understands that the Government will not proceed at trial with any evidence obtained pursuant to a search warrant dated March 27, 2025 (the "2025 Warrant"). Therefore, the Court understands that this aspect of the defendants' joint motion to suppress evidence seized pursuant to the 2025 Warrant and other related relief, Dkt. 162, is moot. As the parties are aware, however, the Government previously obtained warrants to search Mr. Wolfson's cellphone, Mr. Wolfson's iPad, and Mr. Bond's cellphone (the "2024 Warrants"). In light of the Government's concession that "the Government's review of the [data obtained from the 2024 Warrants] did not account for the time period restriction in" the 2024 Warrants, the Court requests expedited supplemental briefing on whether a hearing is needed to evaluate whether the Government conducted its review in "flagrant[] disregard" of the terms of the 2024 Warrants. *See United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000). With apologies to the parties given the upcoming holiday weekend, the parties are directed to file their respective supplemental briefs by no later than Sunday, May 25, 2025 at 8:00 p.m.; expeditious briefing is required given the trial schedule.

SO ORDERED.

Dated: May 22, 2025     _____
New York, New York     GREGORY H. WOODS
                            United States District Judge